UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| XIANG FANG, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:12-CV-324 |
| | § | |
| COMPANION COMMERCIAL | § | |
| INSURANCE COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DISMISSING DEFENDANT WELLINGTON, MOOTING DEFENDANTS' MOTION FOR APPOINTMENT OF APPRAISAL UMPIRE, DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT, AND MOOTING PLAINTIFF'S MOTION RE-URGING THE MOTION FOR LEAVE**

**I.     Factual and Procedural Background**

Now before the Court are Defendants' Motion for Appointment of Appraisal Umpire (Dkt. No. 20), Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. No. 22), and Plaintiff's Motion Re-Urging Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. No. 27). Plaintiff Xiang Fang originally filed suit against Companion Commercial Insurance Company ("Companion") and Mustang Claim Service, Inc. d/b/a Wellington Claim Service, Inc. ("Wellington") on August 13, 2012 in County Court at Law No. 7, Hidalgo County, Texas. (Dkt. No. 1, Ex. B). Plaintiff's Original Petition alleges that he owns a residence in McAllen, Texas that is insured by a policy issued by Companion (the "Policy"). *Id.* at ¶ 9. On March 29, 2012, a wind and hail storm struck Hidalgo County and caused severe damage to the property. *Id.* at ¶ 10. Plaintiff made a claim with Companion for "damages to the Property and other damages covered by the terms of the Policy due to a covered loss…." *Id.* Companion assigned Wellington as the appraiser for the claim. *Id.* at ¶ 11. Defendants have

allegedly failed to provide an accurate estimate of Plaintiff's damages, failed to comply with the Policy and with Texas law in handling the claim, and refused to pay all amounts due and owing under the Policy. *Id.* Against Companion, Plaintiff brings claims for breach of contract, violations of the prompt payment provisions of the Texas Insurance Code ("the Code"), breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and common law fraud. *Id.* at ¶¶ 13, 23-29. Against both Defendants, Plaintiff asserts a cause of action for unfair settlement practices under the Code. *Id.* at ¶¶ 14-22. Plaintiff seeks recovery of actual damages, statutory penalties, treble damages, exemplary damages, interest, and attorney's fees. *Id.* at ¶ 33.

On September 14, 2012, Companion removed the case from state court on the grounds that the Court has diversity jurisdiction over the action, in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States absent the improper joinder of non-diverse Defendant Wellington. (Dkt. No. 1); *see* 28 U.S.C. §§ 1332(a)(1), 1441, 1446. To date, Plaintiff has not moved to remand.

On December 28, 2012, Defendants filed the Motion for Appointment of Appraisal Umpire. (Dkt. No. 20). Defendants represented that Plaintiff had invoked the following provision in the Companion Policy:

> **8.  Appraisal**
> If you [Plaintiff] and we [Companion] fail to agree on the amount of loss, either party may make a written demand for an appraisal. Upon such demand, each party must select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire.
>
> The appraisers shall then determine the amount of loss, stating separately the actual cash value and the amount of loss of each item. If the appraisers submit a written report of agreement to you and to us the amount agreed upon shall be the

> amount of loss.  If they cannot agree, they will submit their differences to the umpire.  A written award agreed upon by any two will determine the amount of loss….

(Dkt. No. 20, Ex. A at Section 1-Conditions) (emphasis omitted).  Defendants further represented that the appraisers selected by each side were unable to agree upon an umpire and asked the Court to appoint one, to which Plaintiff responded that the Motion was premature because the appraisers had not yet met to discuss Plaintiff's loss.  (Dkt. Nos. 20, 21).  In other words, it was unclear whether the assistance of an umpire would be necessary.  Simultaneously with the filing of his response, Plaintiff filed the Motion for Leave to File Second Amended Complaint to add ABJ Adjusters, Inc. ("ABJ"), Frank Netek, and Alice Robinson as Defendants to the unfair settlement practices and fraud claims.  (Dkt. No. 22; Ex. A at ¶¶ 34-49).  The proposed amended pleading also retains the unfair settlement practices claim against Wellington, adds Wellington to the fraud claim, and asserts a new claim for conspiracy to commit fraud against Companion, Wellington, and the proposed additional Defendants.  (Dkt. No. 22, Ex. A at ¶¶ 41-50).  As Plaintiff and current and proposed Defendants Wellington, ABJ, Netek, and Robinson are all citizens of Texas, the retention or joinder of any of these Defendants would destroy the Court's diversity jurisdiction and require remand.  *See id.* at ¶¶ 1, 3-6; 28 U.S.C. § 1447(e).

On August 28, 2013, after rejecting Companion's issuance of the appraisers' agreed upon award because it did not "account for penalties or interest based on Companion's [original] underpayment of the claim," Plaintiff filed the instant Motion "re-urging" his Motion for Leave to amend his pleading to add the non-diverse Defendants.  (Dkt. No. 27; Dkt. No. 29, Ex. 5).

Upon consideration of the pleadings, Motions, responsive briefing, and evidence in the record, in light of the relevant law, the Court finds that it has diversity jurisdiction to consider the Motions, that Plaintiff's Motion for Leave to amend his pleading must be denied, and that the

other Motions are moot, for the following reasons.

## II. Court's Exercise of Diversity Jurisdiction

As noted, Plaintiff originally filed suit in state court against Companion and its "appraiser," Wellington, Companion removed the action on diversity grounds, and Plaintiff has filed no motion to remand contesting the Court's exercise of subject matter jurisdiction over the case. It is well-settled that "[t]o determine whether jurisdiction is present for removal, [the court must] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 722 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). Plaintiff has not disputed that the requisite amount in controversy exists, and the Court finds that it is facially apparent from Plaintiff's original pleading that such amount exceeds the $75,000 jurisdictional minimum. *See id.* at 723 (removing defendant can meet burden to show requisite amount in controversy if "it is apparent from the face of the petition that the claims are likely to exceed $75,000"); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages….").

Plaintiff also has not actively disputed Companion's allegation that Wellington is an improperly joined Defendant whose citizenship should be disregarded for the purpose of determining the Court's diversity jurisdiction. The Fifth Circuit has recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v.*

*Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). Companion has not claimed any actual fraud; therefore, this Court's inquiry is limited to whether a reasonable basis exists for predicting that Plaintiff might be able to recover against non-diverse Defendant Wellington. *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648). "This means that there must be a reasonable possibility of recovery, not merely a theoretical one." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (emphasis omitted). "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). The Court agrees with Companion that Plaintiff's Original Petition does not identify a reasonable basis for recovery against Wellington because the allegations against this Defendant amount to no more than conclusory recitations of the unfair settlement provisions of the Code. In other words, they lack the required "factual fit." The Court notes that Plaintiff's proposed Second Amended Complaint continues to assert his unfair settlement practices claim against Wellington and adds both fraud and conspiracy to commit fraud claims against this Defendant. However, the amended complaint as to this Defendant is similarly conclusory. The Court therefore finds that Wellington's joinder in this suit is improper and that it must be dismissed as a party. Accordingly, the Court has diversity jurisdiction to consider the Motions before it.

### III.    Motion for Appointment of Appraisal Umpire

The Court initially refrained from ruling on Defendants' Motion for Appointment of Appraisal Umpire due to Plaintiff's representation that the Motion was premature. Since that time, as evidenced by Defendants' response to Plaintiff's re-urging of his request for leave to amend, the appraisers chosen by each side agreed on an award without the need of an umpire. *See* (Dkt. No. 29; Ex. 1). Therefore, Plaintiff's Motion to appoint an umpire is now moot.

### IV.     Plaintiff's Motion for Leave to Amend

Approximately five months after bringing suit and within the original Court-ordered deadline for joinder of parties and amendment of pleadings, Plaintiff filed the Motion for Leave to add three non-diverse Defendants to his unfair settlement practices and fraud claims, add Wellington to his fraud claim, and assert a new conspiracy to commit fraud claim against the current and proposed Defendants.  *See* (Dkt. No. 1, Ex. B; Dkt. Nos. 19, 22).  Plaintiff filed the Motion pursuant to Federal Rule of Civil Procedure 15(a), which instructs that "[t]he court should freely give leave [to amend] when justice so requires."   FED. R. CIV. P. 15(a)(2). However, in determining whether to allow the addition of three Defendants whose presence in the case would destroy the Court's diversity jurisdiction, the Court does not conduct the typical Rule 15(a) analysis and instead must consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities.  *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).  Defendants provide evidence that Plaintiff knew of the identities and alleged actionable conduct of all three proposed Defendants at the time suit was filed in state court, which provides some indication that the post-removal amendment is dilatory and for the purpose of defeating the Court's jurisdiction. (Dkt. No. 23).  Further, as Plaintiff alleges no conduct by these Defendants independent of their participation in the adjustment and alleged underpayment of Plaintiff's insurance claim under the policy with Companion, the Court fails to see how disallowing their joinder would significantly prejudice Plaintiff's ability to recover the damages sought.  Finally, although Plaintiff re-urged his Motion for Leave on August 28, 2013 on the

ostensible basis that he needed the Court's ruling before the current, Court-ordered deadline for amendments, which is October 11, 2013, he neglected to the note that the re-urging came on the heels of Plaintiff's rejection of the appraisal award. *See* (Dkt. No. 25). The Court finds that the equities do not favor allowing Plaintiff to proceed with litigation in another forum. Also for the reasons explained *supra*, the Court finds that Wellington has been improperly joined to the action and must deny any request for leave with respect to this Defendant. As the Court is denying the Motion for Leave, Plaintiff's Motion to re-urge it is moot.

### V. Conclusion

For the foregoing reasons, the Court hereby **ORDERS**:

Defendant Mustang Claim Service, Inc. d/b/a Wellington Claim Service, Inc. is **DISMISSED** as a party to this action;

Defendants' Motion for Appointment of Appraisal Umpire (Dkt. No. 20) is **MOOT**;

Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. No. 22) is **DENIED**; and

Plaintiff's Motion Re-Urging Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. No. 27) is **MOOT**.

SO ORDERED this 17th day of September, 2013, at McAllen, Texas.

_____
Randy Crane
United States District Judge